UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN ZUNDEL,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

Criminal Case No. 11-20017

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [233]**

On February 7, 2012, Movant Ryan Zundel pled guilty to an Information charging two counts of conspiracy, 18 U.S.C. § 371, related to a mortgage fraud scheme, pursuant to a Rule 11 Plea Agreement [71]. Judge Cook sentenced Mr. Zundel to two consecutive five-year terms of imprisonment on February 12, 2013. Judgment [167] was entered on March 6, 2013.

Mr. Zundel filed a Motion to Abate for Lack of Subject Matter Jurisdiction and Lack of Standing, or, in the Alternative, Motion Pursuant to 18 U.S.C. 3742 - Sentence Imposed in Violation of Law [233] on May 6, 2016. The Court entered an Order [234] characterizing Mr. Zundel's motion as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 22 U.S.C. § 2255 on July 28, 2016. The

Court also summarily dismissed in part Mr. Zundel's Motion to Vacate and ordered the Government to respond to the remaining portion of the Motion to Vacate – namely, Movant's argument that the Government violated the Speedy Trial Act.

## I.  § 2255 Statute of Limitations

A petitioner seeking relief under 28 U.S.C. § 2255 is bound by the one-year period of limitation, which runs from "the latest of the date on which the judgment of conviction becomes final . . ." 28 U.S.C. § 2255(f)(1). Generally, for the purposes of the statute, "convictions become final upon conclusion of direct review." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). However, "[w]hen a federal criminal defendant appeals to the court of appeals, the judgment of conviction becomes final . . . upon the expiration of the ninety-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition is filed." *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012); *Clay v. United States*, 537 U.S. 522, 532 (2003).

Mr. Zundel filed his Notice of Appeal [168] on March 6, 2013. In its February 27, 2014 Opinion [206], the Sixth Circuit affirmed the 120-month sentence and remanded the issue of restitution. The Mandate [204] was issued on March 24, 2014.

The Supreme Court has explicitly "rejected the argument that, if a petitioner declines to seek certiorari, the limitations period starts to run on the date the court of appeals issues its mandate." *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012) (citing *Clay*, 537 U.S. at 529)); *see also United States v. Garcia*, 210 F.3d 1058, 1061 n.6 (9th Cir. 2000) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate."). Therefore, the statute of limitations on Mr. Zundel's § 2255 motion expired on May 27, 2015, one year and ninety days after the Sixth Circuit issued its judgment. *See United States v. Smith*, No. 12-cr-20095, 2016 WL 491837, at *1 (E.D. Mich. Jan. 8, 2016), *report and recommendation adopted*, No, 12-cr-20095, 2016 WL 465479 (E.D. Mich. Feb. 8, 2016). Because Mr. Zundel did not file his motion until May 6, 2016, his claim is time-barred.

## II. Speedy Trial Act

Movant's arguments under the Speedy Trial Act are likewise invalid. First, the Act states that if a defendant fails "to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere," he waives his right to dismissal under § 3162(a)(2) of the Speedy Trial Act. 18 U.S.C. § 3162(a)(2). Mr. Zundel never moved for dismissal on Speedy Trail Act grounds prior to entry of his guilty plea,

and his argument is therefore meritless. *See United States v. Richards*, 393 Fed. Appx. 266, 269 (6th Cir. 2010) (unpublished).

The Speedy Trial Act provides that if a defendant enters a plea of not guilty, he must be tried within 70 days after the later of the filing of the indictment or the defendant's original appearance before a judicial officer. 18 U.S.C. § 3161(c)(1). "[W]here the defendant makes an appearance before the indictment, the indictment starts the running of the speedy trial period, and not a later arraignment and not guilty plea." *United States v. Medina-Espinoza*, 502 F. App'x 501, 502 (6th Cir. 2012) (citing *United States v. Lopez–Valenzuela*, 511 F.3d 487, 489–92 (5th Cir. 2007)). Defendant made his initial appearance on the complaint in this case on June 17, 2010. Defendant was first indicted in a Third Superseding Information [57] filed August 2, 2011. He entered a plea of not guilty at his arraignment on January 24, 2012, and subsequently pled guilty on February 7, 2012.

As both Mr. Zundel and the government point out, the parties engaged in months of extensive plea negotiations. The parties entered into several Stipulated Orders [38, 42, 48, 50, 52, 54, 59-62] in which they agreed that the period of time between July 6, 2010 and August 2, 2011 should "be excluded in computing the time in which an indictment must be filed" because plea negotiations qualify as a miscellaneous "other proceeding[s] concerning the defendant." 18 U.S.C. § 3161(h)(1). *United States v. Bowers*, 834 F.2d 607) (6th Cir. 1987) (per curiam)

(explaining that the "plea bargaining process can qualify as one of many 'other proceedings'" not listed in § 3161 (h)(1) which may be excluded from the Speedy Trial Act calculation); *see also United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004), *vacated and remanded on other grounds*, *Dunbar v. United States*, 543 U.S. 1099 (2005).

## CONCLUSION

For the reasons stated above, the Court will **DENY** Movant's Motion to Vacate, Set Aside, or Correct his Sentence. Movant's current 120-month sentence will remain intact. Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence [233] is **DENIED**. Movant is denied a certificate of appealability.

                                            s/Arthur J. Tarnow
                                            Arthur J. Tarnow
Dated: February 23, 2017            Senior United States District Judge